SUCESIÓN DE TOMÁS PERAZA, compuesta de su viuda JOSEFA VEGA y de sus hijos ANGEL RAFAEL, LUZ MARÍA y MARÍA CRISTINA PERAZA VEGA, bajo la patria potestad de su dicha

madre; y de Tomás y Miguel Angel Peraza Morales, menores representados por y al cuidado de su abuela Providencia Colón, demandantes y apelados, *v.* Ramón Marín Rada, demandado y apelante.

No. 4549.—*Sometido:* Abril 4, 1929. *Resuelto:* Diciembre 20, 1929.

*R. Rivera Zayas* y *R. Ramírez Santibáñez*, abogados del apelante; *L. Mercader*, abogado de la Sucesión apelada.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

De los autos de este caso no puede surgir duda alguna de que Ramón Marín Rada dió muerte a Tomás Peraza bajo circunstancias que en un procedimiento criminal justificaron el que el jurado rindiera un veredicto de asesinato en segundo grado. En la demanda que tenemos a la vista se alega que Marín dió muerte a Peraza deliberada y maliciosamente. Mediante estipulación de las partes, la transcrip· ción de evidencia en la causa criminal fué admitida como

prueba en relación con los hechos que motivaron la muerte. Los hechos relativos al asesinato han sido revisados por la corte inferior y pueden hallarse también en *El Pueblo* v. *Marín*, 38 D.P.R. 666. Al final de aquella opinión, dijimos: "Se trata de un caso claro, de un crimen perpetrado con ensañamiento y crueldad extraordinarios." Por tanto, no tenemos que revisar los actos que produjeron el fallecimiento, sino solamente considerar la suficiencia de la demanda, la capacidad de las partes, el importe de los daños y perjuicios, y cuestiones similares.

Convenimos con el apelante en que si de la faz de la demanda no aparece que el procedimiento fué entablado por personas con derecho a instarlo, el defecto puede ser atacado por excepción previa. En cuanto a este extremo, la demanda decía que Peraza dejó por sus parientes más cercanos y como únicos herederos a la viuda Josefa Vega y a sus hijos legítimos (nombrándolos) bajo la patria potestad de la madre, y, además, a dos hijos legítimos del primer matrimonio (designándolos), menores no emancipados, que representa y están bajo el cuido de su abuela Providencia Colón.

El apelante ataca la suficiencia de la alegación relativa a los hijos del primer matrimonio; y alega que, siendo menores no emancipados, debieron estar representados por un tutor o defensor; que ésta es una acción entablada de conformidad con el artículo 61 del Código de Enjuiciamiento Civil.

Como esos menores son partes verdaderamente interesadas, especialmente de acuerdo con el artículo 61 del Código de Enjuiciamiento Civil, convenimos con la corte de distrito y con la apelada en que el supuesto defecto no podía ser atacado por una excepción previa general impugnando la suficiencia de la demanda, sino que la objeción debió haberse hecho especialmente bajo el inciso 2º del artículo 105 del Código de Enjuiciamiento Civil, que dispone:

"El demandado podrá presentar excepción previa a la demanda

dentro del plazo señalado en la citación para contestar, cuando resultare del contenido de aquélla, alguno de los extremos siguientes:

\* \* \* \* \* \* \*

"2. Que el demandante no tiene capacidad legal para demandar."

Según la apelada indica, el defecto pudo haber sido fácilmente subsanado demostrando que la abuela era tutora de los niños, toda vez que la primera esposa había fallecido. Se renunció a la objeción en forma algo similar a la en que se renunciaron algunas cuestiones en el caso de *Silva* v. *Carbonell,* 35 D.P.R. 255–257.

Igualmente, según sostiene la apelada, la alegación contenida en la demanda fué a lo sumo únicamente una forma defectuosa de alegar que la abuela tenía la representación legal de los niños.

Otra objeción a la demanda fué que ésta dejó de demostrar que Peraza era mayor de edad. Aun si hubiese sido menor de edad, sus herederos o representantes tendrían una causa de acción por su muerte ilegal, si bien no bajo el artículo 61 del Código de Enjuiciamiento Civil. Según indicaremos más adelante, y conforme la apelada sostiene, ésta no es una acción instada por virtud del artículo 61.

No hallamos que sea necesario discutir extensamente la suficiencia de la demanda en relación con los daños y perjuicios. En general, cuando los hechos alegados demuestran que hay causa de acción, la alegación general de daños y perjuicios es suficiente. Nada en contrario hallamos en 17 C. J. 1301, citado por el apelante. La demanda demostraba bastante más.

El segundo señalamiento de error es que ni en la demanda ni en la prueba hubo fundamento alguno para fijar el importe de los daños y perjuicios. Para discutir esta cuestión, el apelante asume que ésta es una acción que surge exclusivamente a tenor del artículo 61 del Código de Enjuiciamiento Civil. No es así, según se ha resuelto en los casos de *Zalduondo* v. *Sánchez,* 15 D.P.R. 235; *Silva* v. *Carbonell,* 35 D.P.R. 255; *Orta* v. *P. R. Ry. Light & Power Co.,* 36

D.P.R. 743. Cuando la muerte de un hombre ha sido producida deliberadamente, o aun negligentemente, puede recurrirse al artículo 1803 del Código Civil.

■ No podemos convenir con el apelante en que la corte inferior se entregó a una mera especulación en lo concerniente al importe de los daños y perjuicios. La prueba demostró que Peraza tenía 46 años de edad, gozaba de buena salud, ganaba un sueldo regular—percibía $2.50 diarios tal vez—e igualmente recibía una pensión de $25 mensuales. Aparentemente, también trabajaba en un predio de terreno. Nos inclinamos al criterio de que la corte podía tomar conocimiento judicial del tiempo que él podía esperar vivir (*expectancy of life*). No hallamos que faltara ningún elemento para la fijación de los daños y perjuicios. No creemos necesario considerar otros elementos que podrían integrar los daños y perjuicios, ni la posibilidad de daños punitivos en un caso como éste. Véase además *Silva* v. *Carbonell,* 35 D.P.R. 244.

La corte concedió $8,000, y el apelante no nos convence de que la concesión de esta suma constituya un abuso de discreción.

Tampoco hallamos abuso de discreción en la imposición de las costas.

*Debe confirmarse la sentencia recurrida.*